IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **COLONY INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **No.** 1:18-CV-3057 |
| ) | |
| **ABOVE THE CUT RESTORATION, LLC,** ) | |
| **ADAM HAYDEN, and GENEVIEVE** ) | |
| **CARMANY,** ) | |
| ) | |
| **Defendants.** ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, COLONY INSURANCE COMPANY ("COLONY"), by and through its attorneys, Cantrell, Strenski & Mehringer, LLP, pursuant to, and for its complaint for declaratory judgment against the defendants ABOVE THE CUT RESTORATION, LLC, ADAM HAYDEN and GENEVIEVE CARMANY, states as follows:

**I.     PARTIES, JURISDICTION AND VENUE**

1. This is an action for declaratory judgment brought under 28 U.S.C. § 2201, et seq.

2. Plaintiff COLONY is an insurance company domiciled in the Commonwealth of Virginia, with its principal place of business located in Richmond, Virginia.

3. Defendant ABOVE THE CUT RESTORATION LLC ("ABOVE THE CUT") is an Indiana limited liability company with its principal place of business located in Indianapolis, Indiana. ABOVE THE CUT purchased a commercial general liability insurance policy from COLONY, as more fully described below.

4. Defendant ADAM HAYDEN ("HAYDEN") is a natural person who is the owner and only member of ABOVE THE CUT and resides in Martinsville, Indiana. Defendants ABOVE THE CUT and ADAM HAYDEN are therefore citizens of the state of Indiana.

5. Defendant GENEVIEVE CARMANY ("CARMANY") is a resident of Edgewood, Madison County, Indiana. CARMANY is therefore a citizen of the state of Indiana. CARMANY has sued ABOVE THE CUT in Madison County Circuit Court, Indiana, as more fully described below.

6. This Court has subject matter jurisdiction because there is complete diversity between the parties, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1397, venue is proper in this district and division in that two of the defendants, ADAM HAYDEN and GENEVIEVE CARMANY, reside in this judicial district, and the underlying personal injury lawsuit is venued in this District.

## II.   THE UNDERLYING LAWSUIT

8. On July 31, 2017, CARMANY filed her Complaint in the Circuit Court of Madison County, Indiana naming ADAM HAYDEN and ABOVE THE CUT as defendants (the "Carmany lawsuit"). A copy of the original complaint in the Carmany lawsuit, as it was provided to COLONY, is attached as Exhibit A.

9. In general terms, the Carmany lawsuit essentially alleges that HAYDEN and ABOVE THE CUT damaged Carmany's house in 2016 and 2017 due to their faulty workmanship in repairing or failing to properly repair the roof of Carmany's house. Count I of the complaint in the Carmany lawsuit alleges breach of implied warranty. Count II alleges breach of contract. Count III alleges deceptive practices in violation of the Indiana Home Improvement Contract Act (HICA).

10. Carmany requests entry of judgment against both defendants in the amount of $74,040.00 plus interest, costs and attorney's fees, and requests imposition of a fine in the

amount of $5,000.00. Carmany's prayer also appears to seek additional damages on Counts I and II of her complaint.

### III. THE COLONY POLICY

11. COLONY issued a commercial general liability policy of insurance to "Above the Cut Restoration" as named insured under policy number 101 GL 0054649-00, for the period May 10, 2016 to May 10, 2017 (the "Colony Policy"). A true and correct copy of the Colony Policy is attached as Exhibit B.

12. The Colony Policy contains the following insuring agreement for Coverage A – Bodily Injury and Property Damage Liability:

**COVERAGE A - BODILY INJURY AND PROPERTY**

    **DAMAGE LIABILITY**

    **1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

13. The Colony Policy contains the following exclusions (j)(5) and j(6) which provide in relevant part as follows:

    **j. Damage to Property**

    [This insurance does not apply to:]

    "Property damage' to . . .

    **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it…

14. The COLONY policy also contains the following exclusion (l) which provides in relevant part as follows:

    **l. Damage to Your Work**

    "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

    This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

15. The COLONY policy also contains the following exclusion (m) which provides in relevant part as follows:

    **m. Damage to Impaired Property or Property Not Physically Injured**

    "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms. . .

16. The COLONY policy also contains the following exclusion (n) which provides as follows:

    **n. Recall of Products, Work or Impaired Property**

    Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    **(1)** "Your product;

    **(2)**    "Your work"; or

    **(3)**    "Impaired property";

If such product, work, or property is withdrawn or recall from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

17.    The COLONY policy also includes a "Contractors Coverage Limitations" endorsement, which contains the following "Subcontractors and Independent Contractors" exclusion providing in relevant part as follows:

This insurance does not apply to:

**Subcontractors and Independent Contractors**

"Bodily injury", "property damage", or personal and advertising injury":

    **(1)**    arising directly or indirectly out of the acts of your independent contractors or subcontractors unless you:

        **(a)**    obtain certificates of insurance that evidence coverage and Limits of Insurance equal to or greater than the coverages and Limits of Insurance provided by this policy in force for the term of the work performed for you; and

        **(b)**    provide us upon our request copies of Certificates of Insurance that you shall require and have obtained from your subcontractors before any work performed on your behalf.  You shall maintain copies of these Certificates during and for up to 5 years after the terms of such work...

18.    The Colony Policy contains the following relevant conditions:

**SECTION IV – COMMERCIAL GENERAL**

**LIABILITY CONDITIONS**

                \*\*\*

    **2.**    **Duties In The Event Of Occurrence, Offense, Claim or Suit**

  **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. . .

  **b.** If a claim is made or "suit" is brought against any insured, you must:

   **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

   **(2)** Notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  **c.** You and any other involved insured must:

   **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit" . . .

   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit" . . .

19. The COLONY policy also contains the following relevant definitions, which are indicated by quotation marks where they appear in the COLONY policy:

 "Property damage" means:

  **a.** Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.** Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it...

 "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

 "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**    You have failed to fulfill the terms of a contract or agreement;

if such property can be restores to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

"Your work":

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        **(2)**    The providing of or failure to provide warnings or instructions.

"Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. . .

### IV.    <u>LATE NOTICE OF THE CARMANY LAWSUIT</u>

20.    ABOVE THE CUT and HAYDEN were personally served with summons and complaint in the Carmany lawsuit on August 14, 2017.

21.    A default judgment was entered against ABOVE THE CUT and HAYDEN on September 25, 2017 when no responsive pleading was filed within the required time period.

22. After counsel retained by ABOVE THE CUT and HAYDEN submitted an answer and request for enlargement of time, the Madison County Circuit Court initially granted the motion but later vacated its order as improvidently granted.

23. Thereafter, ABOVE THE CUT and HAYDEN filed a verified motion requesting relief from judgment. After briefing, the circuit court denied the motion to set aside the default judgment on November 16, 2017.

24. ABOVE THE CUT and HAYDEN appealed the denial of their motion to set aside the default judgment. On June 29, 2018, the Indiana Court of Appeals, in a memorandum decision, affirmed the circuit court's denial of their motion.

25. COLONY first received notice of the Carmany lawsuit on August 16, 2018. At that time, a hearing on damages in the Carmany lawsuit was scheduled for less than one month later, September 13, 2018, before the circuit court.

26. By letter dated August 31, 2018, COLONY advised ABOVE THE CUT and HAYDEN that no coverage was provided under the COLONY policy for the Carmany lawsuit.

27. Upon information and belief, the September 13, 2018 damages hearing in the Carmany lawsuit was commenced but was not completed on that date.

## COUNT I
**(Declaratory Judgment – All Defendants – Late Notice)**

28. COLONY incorporates herein by reference and re-alleges paragraphs one through and including twenty-seven above as though fully set forth herein.

29. ABOVE THE CUT and HAYDEN are not covered under the COLONY policy, and therefore COLONY has no duty to defend or indemnify them against the Carmany lawsuit, because they have breached the contractual notice conditions set forth in the COLONY policy in ways including but not limited to the following: (a) the failure of ABOVE THE CUT and

HAYDEN to notify COLONY as soon as practicable of the occurrence alleged in the Carmany lawsuit; and (b) the failure of ABOVE THE CUT and HAYDEN to notify COLONY as soon as practicable of the Carmany lawsuit after they were served with summons and complaint on August 14, 2017.

30. As a direct and immediate result of the aforesaid breaches, COLONY has been severely prejudiced by, among other things, the entry of a default judgment against ABOVE THE CUT and HAYDEN.

31. The above contentions of COLONY are disputed by the Defendants.

32. An actual controversy exists between the parties, and pursuant to 28 U.S.C. § 2201 et seq., this Court is empowered to declare the rights and obligations of the parties.

WHEREFORE, Plaintiff COLONY INSURANCE COMPANY prays that this Court grant judgment in its favor on Count I, finding and declaring as follows:

a. That COLONY has no duty to defend ABOVE THE CUT RESTORATION LLC or ADAM HAYDEN against the Carmany lawsuit;

b. That COLONY has no duty to indemnify ABOVE THE CUT RESTORATION LLC or ADAM HAYDEN against the Carmany lawsuit;

c. That COLONY has no obligation whatsoever to GENEVIEVE CARMANY in relation to the Carmany lawsuit; and

d. That this honorable Court grant COLONY such other and further relief as the Court deems just and proper under all the facts and circumstances.

## COUNT II
**(Declaratory Judgment – All Defendants – Policy Exclusions)**

33. COLONY incorporates herein by reference and re-alleges paragraphs one through and including thirty-two above as though fully set forth herein.

34. Pursuant to the terms of the COLONY policy, any duty to defend or indemnify ABOVE THE CUT or HAYDEN against the Carmany lawsuit is precluded, in whole or in part,

by one or more of the following exclusions contained in the COLONY policy, each of which is quoted above:

    a.    Exclusions j(5) and j(6) ("Damage to Property");

    b.    Exclusion (l) ("Damage to Your Work");

    c.    Exclusion (m) ("Impaired Property");

    d.    Exclusion (n) ("Recall of Products, Work or Impaired Property"); and

    e.    The "Subcontractors and Independent Contractors" exclusion contained in the Contractors Coverage Limitations endorsement.

35.    The above contentions of COLONY are, on information and belief, disputed by the Defendants.

36.    An actual controversy exists between the parties, and pursuant to 28 U.S.C. § 2201 et seq., this Court is empowered to declare the rights and obligations of the parties.

WHEREFORE, Plaintiff COLONY INSURANCE COMPANY prays that this Court grant judgment in its favor on Count II, finding and declaring as follows:

    a.    That COLONY has no duty to defend ABOVE THE CUT RESTORATION LLC or ADAM HAYDEN against the Carmany lawsuit;

    b.    That COLONY has no duty to indemnify ABOVE THE CUT RESTORATION LLC or ADAM HAYDEN against the Carmany lawsuit;

    c.    That COLONY has no obligation whatsoever to GENEVIEVE CARMANY in relation to the Carmany lawsuit; and

    d.    That this honorable Court grants COLONY such other and further relief as the Court deems just and proper under all the facts and circumstances.

Dated:  October 3,  2018    Respectfully submitted,

*/s/ Dennis F. Cantrell*
Dennis F. Cantrell, #10794-49

*Attorneys for Plaintiff Colony Insurance Company*

CANTRELL STRENSKI & MEHRINGER LLP
150 West Market Street, Suite 800
Indianapolis, IN 46204
317.352.3500
317.352.3501 (Fax)
dcantrell@csmlawfirm.com